| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave., Suite 406<br>Westmont, NJ 08018<br>(215) 627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Movant<br>Toyota Motor Credit Corporation | **Order Filed on April 16, 2017<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Trudy D. Johnson,<br><br>Debtor. | Case No.: 17-10692-MBK<br>Adv. No.:<br>Hearing Date: 5/23/2017<br><br>Judge: Michael B. Kaplan |

**ORDER RESOLVING TOYOTA MOTOR CREDIT CORPORATION'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**

**DATED: April 16, 2017**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page 2
Debtor:       Trudy D. Johnson
Case No.:    17-10692-MBK
Caption:     **ORDER RESOLVING TOYOTA MOTOR CREDIT CORPORATION'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Global Lending Services, the holder of a lien on Debtor's vehicle, a 2011 Toyota Camry, VIN # 4T1BF3EK8BU642718, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for the Secured Creditor and Warren Jones. Esq., attorney for Debtor, and for good cause having been shown;

It is **ORDERED, ADJUDGED and DECREED** that Secured Creditor's lien shall be paid in full through Debtor's Chapter 13 plan at an interest rate of 6.00%; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that the parties mutually agree on a value of $8,950.00 for the subject vehicle; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that the total due to Secured Creditor, including interest, shall be $9,802, consisting of the agreed value of $8,950.00 and $852 in interest that will accrue during the course of Debtor's Chapter 13 plan over 36 months;

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that if the length of Debtor's plan is adjusted to more than 36 months, the interest due under the plan will increase accordingly, and this order is subject to amendment; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that the Debtor shall maintain insurance on the vehicle in accordance with the terms of the loan documents during the entirety of this case and shall furnish proof of same annually and upon request;

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that Toyota Motor Credit Corporation's lien shall remain on the subject vehicle until Debtor has completed all plan payments and receives a discharge in this case; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** Toyota Motor Credit's lien will only be released upon the Debtor's receipt of his discharge and completion of his Chapter 13 Plan. Any dismissal of the case or conversion to a Chapter 7 will result in a full reinstatement of the lien; and

Page 3
Debtor:     Trudy D. Johnson
Case No.:   17-10692-MBK
Caption:    **ORDER RESOLVING TOYOTA MOTOR CREDIT CORPORATION'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that the lien shall be released and extinguished upon the successful completion of the Debtor's Chapter 13 plan; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that Toyota Motor Credit Corporation shall file a release of the lien within 30 days of the date of the service of Debtor's discharge; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that in the event Toyota Motor Credit Corporation fails to discharge the mortgage within the prescribed period, the Debtor and/or Debtor's counsel may file a certified or exemplified copy of this order, along with a copy of the bankruptcy discharge order, which shall have the same force and effect of a discharge of lien; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that Toyota Motor Credit Corporation's objection to confirmation is hereby resolved.